UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDRA CARTER, *et al.*,<br><br>　　　　Defendants. | Case No. C06-5151RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 9, 2007** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion for summary judgment (Dkt. # 27). Defendant's have filed a response (Dkt. # 28). Also before the court is defendant's motion asking for dismissal for failure to exhaust administrative remedies (Dkt. # 29). Plaintiff's has filed a response (Dkt. # 30). Defendants have replied (Dkt. # 31). Having reviewed the pleadings, and the remainder of the record, the court recommends this action be **DISMISSED** for failure to exhaust administrative remedies.

## FACTS AND PROCEDURAL HISTORY

Plaintiff is an inmate who was at one time housed at the Clallam Bay Corrections Center. While at that facility plaintiff was employed as an inmate janitor. He, and a number of other black inmate

REPORT AND RECOMMENDATION- 1

1   janitors, were fired when contraband, (a tattoo gun), was found in the janitor supply closet (Dkt. # 3).
2   Plaintiff alleges the firing was racial discrimination.  He alleges white janitors used the same closet for
3   storing supplies, and that an all white inmate crew had been using the closet for supplies after hours (Dkt.
4   # 30, pages 2 through 7).  He alleges only the black janitors were fired.

5        Plaintiff does not move for summary judgment on the merits of his claim.  Instead, he asks for
6   summary judgment as a sanction for defense counsel's failure to return interrogatories within the thirty-
7   day time frame set forth in the Federal Rules of Civil Procedure (Dkt. # 27).  Plaintiff submits a letter
8   from counsel stating the objections to interrogatories are enclosed, but, that it will take a few additional
9   days to get the interrogatory answers signed and returned.  Plaintiff does not allege his interrogatories
10  were not answered.  Defendant's have responded (Dkt. # 28).  They argue plaintiff has not met the
11  summary judgment standard and that summary judgment is inappropriate (Dkt. # 28).

12       Defendant's move to dismiss for failure to exhaust administrative remedies (Dkt. # 29).  They
13  present plaintiff's grievance history and show he did not exhaust this claim.  Plaintiff did not go beyond
14  level two of a three level grievance system (Dkt. # 29).  Plaintiff responds, (Dkt. # 30), as part of the
15  response he places a document signed by Dean Mason before the court (Dkt. # 30-2, attachment "C").
16  Plaintiff alleges defendants are misleading the court and that the plaintiff did in fact exhaust his
17  administrative remedies.  The form provided by plaintiff is contradictory.  The circled boxes inform the
18  plaintiff the grievance system has been completed, but, he is also informed his grievance will not be
19  accepted.  Further, Mr. Mason in writing asks CBCC, and not Headquarters personnel, to complete a
20  grievance response.  The final level appeal is to DOC Headquarters in Tumwater (Dkt. # 29, page 3).

21       Defendants reply (Dkt. # 31).  Defendants place a different version of the document signed by
22  Dean Mason before the court.  They allege plaintiff has altered the form and marked boxes that were left
23  blank by Mr. Mason.  They support their allegation with Mr. Mason's affidavit. (Dkt. #31).

24       Mr. Mason's affidavit and the hand written note on the form are consistent.  Mr. Mason is
25  instructing Clallam Bay to answer Mr. Wrights grievance at level two.  An appeal response at level three
26  would not come from Clallam Bay.  It would come from DOC headquarters at Tumwater (Dkt. # 29,
27  page 3).  The court concludes the form submitted by plaintiff is not authentic.  Defendants do not ask for
28  REPORT AND RECOMMENDATION- 2

sanctions but instead leave a decision on that issue to "the sound discretion of the court" (Dkt. # 31, page 5 footnote).

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S.

REPORT AND RECOMMENDATION- 3

871, 888-89 (1990).

## DISCUSSION OF PLAINTIFF'S MOTION

Plaintiff asks for summary judgment because interrogatory answers were not served within thirty days. Possible sanctions for failure to answer interrogatories or cooperate in discovery are set forth in Fed. R. Civ. P. 37. Summary Judgment is among the options available to the court. However, the imposition of sanctions of that magnitude requires certain steps. The party seeking sanctions must have brought a motion to compel and the court must grant the motion to compel. Only if the other side continued to refuse to provide an answer and disregarded the court order would summary judgment be considered as an appropriate sanction. See, Fed. R. Civ. P 37.

Defense counsel did not refuse to answer questions and has not disregarded any court order. The record shows counsel provided timely objections and informed plaintiff he was in the process of obtaining signatures. He informed plaintiff that answers would be a few days late. While the court does not condone a late response, sanctions of any type are not warranted. Plaintiff's motion for summary judgment is frivolous and should be **DENIED.**

## STANDARD FOR DEFENDANT'S MOTION

Defendants move to dismiss and allege plaintiff has failed to exhaust administrative remedies (Dkt. # 31). A motion to dismiss for failure to exhaust administrative remedies is an unenumerated 12 (b) motion. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgement. The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants'. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

## DISCUSSION OF DEFENDANT'S MOTION

The affidavit of Devon Schrum shows plaintiff presented his grievance to Clallam Bay and it was addressed at level two as a staff misconduct grievance (Dkt. # 29, exhibit 1). Mr. Schrum states Mr. Wright did not appeal to the final level (Dkt. # 29, exhibit 1). Mr. Wright contests the evidence and submits a form from Dean Mason that has several boxes circled (Dkt. # 30-3 attachment "C"). The version of this form served on defendants counsel, and the version filed with the court, are not the same

REPORT AND RECOMMENDATION- 4

(Dkt. # 31-2, page 7). Defendants allege the form has been altered. They submit the copy of the form in the Department of Corrections records and the affidavit of Dean Mason, the person who signed the form.

The court has considered the copy of the form submitted by plaintiff (Dkt. # 30-3 attachment "C"). The information on the form is contradictory. Plaintiff is informed his issue in non grievable, but, at the same time he is informed the process has been completed at all levels. Further, he is informed the process has been completed at all levels, but, Callam Bay is being told to respond. Finally, Clallam Bay would not be responding at the final level, an administrator from DOC Headquarters at Tumwater would be responding (Dkt. # 29, page 3).

In contrast, defendant's version of the form is wholly consistent. Defendants have shown plaintiff did not exhaust the grievance process. The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520. Defendant's motion to dismiss for failure to exhaust administrative remedies should be **GRANTED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

REPORT AND RECOMMENDATION- 5

parties shall have ten (10) days from service of this Report to file written objections.  *See also*, Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **March 9, 2007,** as noted in the caption.

DATED this 6 day of February, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United states Magistrate Judge

REPORT AND RECOMMENDATION- 6